# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

ERIBERTO FLORES,

                Plaintiff,

        v.                            CAUSE NO.: 2:23-CV-143-TLS-JPK

CITY OF EAST CHICAGO, et al.,

                Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendants School City of East Chicago and Ricardo "Ric" Chavarria's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [ECF No. 26]. For the reasons set forth below, the Court grants the Motion based on the Plaintiff's failure to state a claim and dismisses Defendants School City of East Chicago and Chavarria.

## MOTION TO DISMISS STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a claim for lack of subject matter jurisdiction. *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009); Fed. R. Civ. P. 12(b)(1). In considering such a motion, the "district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). In addition, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (quoting *Long*, 182 F.3d at 554). The burden of proof to demonstrate subject matter jurisdiction is on the party asserting jurisdiction. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## BACKGROUND

On April 26, 2023, the Plaintiff filed a Complaint against the City of East Chicago, Indiana, the East Chicago Police Department, Chief Hector Rosario, Officer Buchanan, Officer Zamora, Detective Isaac Washington, School City of East Chicago, Ricardo "Ric" Chavarria, John Cantrell, and Reggie Tisdale. ECF No. 1. The Plaintiff alleges that Officer Buchanan arrested him without probable cause, that the East Chicago Police Department destroyed doors and items during an illegal search and seizure, and that the East Chicago Police Department has not returned items taken from the Plaintiff's house. *Id.* at 2. He requests that the Court order the Defendants to replace and pay for all items taken and destroyed during the alleged illegal search and seizure, compensate him for damages to a vehicle torn apart during an investigation, and compensate him for pain and suffering. *Id.* at 3.

2

The Plaintiff alleges that when he asked Detective Washington why he was arrested, Detective Washington said he was under investigation for attempted murder and that "they had [him] on video from McKinley Elementary School." *Id.* at 4. He alleges that Ricardo Chavarria "gave video from McKinley Elementary School in East Chicago to Detective Washington without being [subpoenaed] as to what [the policy] was." *Id.* at 6. The Plaintiff alleges that School City of East Chicago has since "changed the policy of giving video to police," and "[i]t was only to be given with a [subpoena] or warrant by legal manners." *Id.* He further alleges that "Detective Washington on [the] police report failed to identify my address . . . [a]nd created a false location. 4810 Magoun [Ave.] E. Chicago a green house." *Id.* at 5. He alleges that "Ric Chavarria also identified the Green House as [the Plaintiff's] residence on the police reports." *Id.* at 6.

Defendants Cantrell and Tisdale filed answers to the Plaintiff's Complaint on June 26, 2023. ECF Nos. 20, 21. Defendants City of East Chicago and East Chicago Police Department filed an answer on June 27, 2023. ECF No. 24. Officers Buchanan, Rosario, Washington, and Zamora filed an answer on June 29, 2023. ECF No. 25. Defendants Chavarria and School City of East Chicago filed the instant Motion to Dismiss on July 3, 2023. ECF No. 26. The deadline to respond to the Motion was 21 days later, July 24, 2023. *See* N.D. Ind. Local R. 7-1(d)(2). The Plaintiff filed a response on October 6, 2023. ECF No. 34.[1]

## ANALYSIS

Defendants School City of East Chicago and Chavarria argue that the Court should dismiss this lawsuit, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject

---

[1] The Plaintiff's short Response "agree[s] and accept[s]" a jury trial and does not address the arguments presented in the instant Motion to Dismiss. *See* ECF No. 34.

3

matter jurisdiction. Specifically, the Defendants argue that the Plaintiff's Complaint fails to invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331.

For the Court to have federal question jurisdiction over an action, the action must present a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A complaint asserting a search or arrest without probable cause implicates the Fourth Amendment . . . ." *Martin v. Engelman*, No 1:10-CV-109, 2010 WL 3168406, *1 (N.D. Ind. Aug. 10, 2010) (citing *Booker v. Ward*, 94 F.3d 1052, 1057 (7th Cir. 1996)); *see Neita v. City of Chicago*, 830 F.3d 494, 497–99 (7th Cir. 2016) (recognizing false-arrest and illegal search claims under the Fourth Amendment and 42 U.S.C. § 1983).

In the Plaintiff's Complaint, he alleges that the "East Chicago Police Department . . . destroyed doors and items during their illegal search and seizure." ECF No. 1 at 2. He also alleges that "Officer Buchanan arrested [him] . . . without probable cause." *Id.* The Plaintiff's illegal search and false arrest claims implicate the Fourth Amendment and § 1983. The Court thus has federal question jurisdiction and denies the Motion to Dismiss to the extent it argues the Court lacks subject matter jurisdiction over this action.

The Defendants also argue, pursuant to Federal Rule of Civil Procedure 12(b)(6), that the Plaintiff's Complaint fails to state a claim for relief. They argue that the only allegations against Defendants School City of East Chicago and Chavarria relate to the fact that surveillance video was provided to the East Chicago Police Department as part of an investigation into an attempted murder. They argue, accordingly, that giving information to police is insufficient to constitute participation in an arrest and that they are entitled to governmental immunity.

The Defendants are correct that "giving information to the police in itself is insufficient to constitute participation in an arrest." *Odorizzi v. A. O. Smith Corp.*, 452 F.2d 229, 232 (7th Cir. 1971) (citing *Stueber v. Admiral Corp.*, 171 F.2d 777 (7th Cir. 1949), *cert. denied*, 336 U.S. 961 (1949)). "[E]ven when a defendant provides the only information relied upon by police to make an arrest, liability requires some further affirmative step to procure an arrest." *Dugar v.*

4

*U.S. Bank Nat'l Assoc.*, No. 21 CV 4052, 2022 WL 2105894, *3 (N.D. Ill. June 10, 2022) (citing *Odorizzi*, 452 F.2d at 231); *see also Doe v. City of Chicago*, 39 F. Supp. 2d 1106, 1113–14 (N.D. Ill. 1999) ("[T]he Seventh Circuit and Illinois courts have held that giving false information to a police officer does not constitute 'participating' in a false arrest." (citing *Butler v. Goldblatt Bros., Inc.*, 589 F.2d 323, 326 (7th Cir. 1978))).

The Plaintiff does not allege that Defendants School City of East Chicago and Chavarria did more than give information to police pursuant to an investigation. Although the Plaintiff alleges that Defendant Chavarria falsely identified the Plaintiff's house on police reports, the Plaintiff does not allege that Defendant Chavarria took any affirmative step to procure the Plaintiff's arrest. Therefore, the Court concludes that the Plaintiff's allegations against Defendants School City of East Chicago and Chavarria fail to state a claim for relief and must be dismissed. *See Odorizzi*, 452 F.2d at 231–32; *Doe*, 39 F. Supp. 2d at 1114; *Dugar*, 2022 WL 2105894, at *4.[2]

## CONCLUSION

Accordingly, the Court hereby GRANTS Defendants School City of East Chicago and Ricardo "Ric" Chavarria's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [ECF No. 26] and DISMISSES Defendants School City of East Chicago and Ricardo Chavarria. The case remains pending as to the claims against Defendants City of East Chicago, East Chicago Police Department, Hector Rosario, Buchanan, Zamora, Isaac Washington, John Cantrell, and Reggie Tisdale.

SO ORDERED on November 15, 2023.

 s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[2] Because the Plaintiff has failed to state a claim against Defendants School City of East Chicago and Chavarria, the Court does not address the Defendants' argument for governmental immunity related to the school's video distribution policy.